## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JERMAINE CAPOEIRA,

       Plaintiff,

       v.                                                          Case No. 16-CV-224

WILLIAM POLLARD,
BRIAN FOSTER,
TONY MELI,
CO HIERZEWJEWSKI, and
CAPTAIN WESTRA,

       Defendants.

## DECISION AND ORDER

On February 24, 2016, plaintiff, Jermaine Capoeira, filed an action under 42 U.S.C. §1983 alleging that his Eighth Amendment rights were violated the Waupun Correctional Institution. He asked to proceed *in forma pauperis* and moved for a preliminary injunction. On March 17, 2016, I assessed an initial partial filing fee of $0.08. Plaintiff then filed a second motion for injunctive relief on March 18, 2016. He subsequently paid his initial partial filing fee on March 28, 2016. Therefore, plaintiff's motion for leave to proceed *in forma pauperis* will be granted.

The Prisoner Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Indeed, allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id.* Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. *Pro se* allegations, "however inartfully pleaded," are given a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the context of a §1983 claim, plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law.

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). A suit seeking monetary damages under §1983 must further allege that the defendants were personally involved in the constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 527 (2014).

## COMPLAINT ALLEGATIONS

Sometime in mid-December 2015, plaintiff, a former gang member, renounced his gang affiliation and gave Correctional Officer Hierzewjewski a 90-minute recorded statement to that effect. Shortly after plaintiff gave his statement, individuals from his former gang began to threaten him. Plaintiff notified Hierzewjewski that there was a "gang hit" on plaintiff, and plaintiff requested to move to protective custody for his safety. (ECF No. 1 at 3). Hierzewjewski said that he would "keep an eye on the gang" and that plaintiff "had nothing to worry about." *Id*. Hierzewjewski did not move plaintiff to protective custody.

On December 17, 2015, plaintiff filed an emergency psychological service request ("PSR") with the Psychological Services Unit ("PSU"). He stated that he continued to receive threats to his health and safety by former gang members. PSU responded that it forwarded the request to Captain Radke, a member of the Gang Task Force, and did nothing else. Radke also did not follow up with plaintiff.

On December 22, 2015, plaintiff wrote to Warden William Pollard requesting to transfer to another prison due to the continued threats to his health and safety. Pollard did not respond or follow up with plaintiff. On that same day, Plaintiff also wrote to Captain Westra requesting to transfer to another prison and requesting Special

3

Protection Need ("SPN") forms. Westra also did not respond or follow up with plaintiff. Plaintiff, nevertheless, acquired the SPN forms and filed them as instructed.

On January 11, 2016, two former gang members attacked the plaintiff in his cell. Plaintiff sustained "severe and substantial injury to his left hand" from the attack. *Id.* at 4. There were no witnesses to the attack. However, a unit sergeant noticed injuries to plaintiff's hand and inquired about them. Plaintiff lied about the injuries to avoid a reputation as a snitch.

Plaintiff again wrote to Radke on January 22, 2016. Plaintiff stated that there was a forthcoming "planned attack." *Id.* Plaintiff also informed Radke about the previous attacked that occurred on January 11, 2016. Radke responded that plaintiff's SPN forms were being processed and took no further action.

On January 24, 2016, plaintiff contacted an officer to inform him that plaintiff had been attacked. The plaintiff does not indicate when the attack occurred and does not specify what injuries he sustained. The officer told plaintiff to "stay low and out of sight" until the officer could speak with Hierzewjewski the next day. *Id.* The next day, on January 25, 2016, Hierzewjewski gave plaintiff a conduct report for assault and group resistance for fighting. Hierzewjewski then transferred plaintiff to segregation.

On January 26, 2016, plaintiff wrote to Security Director Tony Meli requesting to transfer to another prison due to the fights. Meli responded that plaintiff was "responsible for his own safety." *Id.* at 5. Plaintiff wrote twice more to Pollard's office after the fights: once on January 26, 2016 and once on January 31, 2016. Pollard's office did not respond to either request.

4

Plaintiff filed three different inmate complaints with the Inmate Complaint Examiner ("ICE") on the failure to protect him from the "planned attacks": one on January 26, 2016; one on February 1, 2016; and one on February 7, 2016. ICE rejected all three inmate complaints for "misstated grounds." *Id.* at 4-5. Complaint examiner Brian Foster affirmed all of the complaint rejections.

For relief, plaintiff seeks: (1) a declaration that the defendants violated his Eighth Amendment rights, (2) an injunction ordering the defendants to move him to Dodge Correctional Institution, (3) compensatory damages in the amount of $100,000 from Pollard, Meli, Westra, Hierzewjewski and $50,000 from Foster, (4) punitive damages in the amount of $25,000 from Pollard, Meli, Westra, Hierzewjewski and $10,000 from Foster.

## LEGAL ANALYSIS

To state an Eight Amendment claim for failure to protect, the plaintiff must allege that jail officials were "deliberately indifferent" to a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 829, 834 (1994). Jail officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). A complaint acts with deliberate indifference when he refuses to do his job or "routinely sends grievances to the shredder without reading them." *Burks v. Rasmisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

Deliberate indifference requires "more than an ordinary lack of due care for the prisoner's interests or safety." *Whitely v. Albers*, 475 U.S. 31, 319 (1986). The prison official must "know of and disregard an excessive risk to inmate health or safety." *Del*

5

*Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The official must both [have] be[en] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Id*. It is not enough that a reasonable prison official would or should have known that the prisoner is at risk; the official must actually know of and disregard the risk to incur culpability. *Farmer*, 511 U.S. at 837-38.

Plaintiff may proceed with his failure to protect claims against Pollard, Hierzewjewski, and Westra. Plaintiff alleges that he notified each of these defendants several times in writing about a planned "gang hit" on him after he publically renounced his former gang. Pollard failed to respond or act altogether, and Hierzewjewski and Westra did not move plaintiff to protective custody. Former members of plaintiff's gang then attacked him twice and he sustained injuries to at least his left hand. Assuming the facts in the complaint to be true, all three individuals knew that plaintiff had renounced his gang in a tape recorded session, and they failed to protect him from a "gang hit" that he told them about. Therefore, plaintiff states a plausible failure to protect claim against Pollard, Hierzewski, and Westra.

Plaintiff may not proceed with his claims against Meli. Plaintiff alleges that he was attacked twice: once on January 11, 2016; and once sometime after January 22, 2016 but before January 24, 2016. Plaintiff did not notify Meli about the threat to his safety until January 26, 2016, after both attacks occurred. Therefore, Meli was not aware of the threat to plaintiff's health and safety, and he could not have acted with "deliberate indifference." Accordingly, Meli will be dismissed from the action.

6

Plaintiff's only factual allegation against complaint examiner Foster is that Foster "affirmed" the plaintiff's rejected inmate complaint. Plaintiff does not allege any other facts supporting his conclusory allegation that Foster "attempt[ed] to hinder the plaintiff from using the prison's complaint system." For example, plaintiff does not allege that Foster threw away his inmate complaints or failed to respond altogether, thereby refusing to do his job. Consequently, Foster will also be dismissed from the action.

## PRELIMINARY INJUNCTION

Plaintiff also filed two motions for injunctive relief. He asked me to order the defendants to place him in protective custody until arrangements can be made to transfer him to a different prison. For the reasons discussed below, the motion will be denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To prevail on a motion for a preliminary injunction, plaintiff has the burden of establishing: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Illinois Department of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Once the moving party meets this burden, "the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed

7

sufficiently that the injunction should be denied. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006)*.*

In the context of prisoner litigation, there are further restrictions on my remedial power. The scope of my authority to enter an injunction in the corrections context is sharply circumscribed. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). The injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctions are "cautiously viewed and sparingly issued" since it commends a defendant to take a particular action. *Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978); *see also W.A. Mack, Inc. v. Gen. Motors Corp.,* 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

Plaintiff's request for a transfer to protective custody is overly broad. Plaintiff's request is highly intrusive to the inner workings of the prison system and would tread upon the DOC's authority over running their institution. See *Baird v. Hodge*, 2013 WL 6493694, at *8 (S.D. Ill. Dec. 10, 2013). Further, it is not the least restrictive means to correct the harm. After receiving notice of plaintiff's fighting, the DOC placed him in the segregation unit where he is "being handcuffed and escorted anytime [he] is out of his cell." Further, the DOC is currently processing plaintiff's SPN forms. Thus, it appears that the DOC is using its authority to address plaintiff's problem. Accordingly, the motions for a preliminary injunction will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** plaintiff's motions for a preliminary injunction (ECF Nos. 4 and 15) are **DENIED**.

**IT IS ALSO ORDERED** that defendants Meli and Foster are dismissed from the case.

**IT IS ALSO ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that defendants Pollard, Hierzewjewski, and Westra shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.92 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

9

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the Waupun Correctional Institution.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2016.

s/ Lynn Adelman

LYNN ADELMAN
District Judge

10