UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMAINE CAPOEIRA,

       Plaintiff,

  v.                                      Case No. 16-CV-224

WILLIAM POLLARD, et al.,

       Defendants.

## ORDER

On February 24, 2016, plaintiff filed an action under 42 U.S.C. § 1983 alleging that his civil rights were violated at the Waupun Correctional Institution. This matter comes before me on defendants' motion to amend the caption to reflect plaintiff's legal name (ECF No. 30) and plaintiff's motion to appoint counsel (ECF No. 35).

The caption on this lawsuit lists plaintiff's name as "Jermaine Capoeira." Plaintiff's legal name, however, is "Jermaine Smith." (ECF No. 31, ¶ 7). Defendants assert that there may be mail delivery delays among other legal issues at the prison if plaintiff is called something other than "Jermaine Smith" in this lawsuit. Plaintiff, on the other hand, provides documentation showing that most prison records have referred to him as "Jermaine Smith-Capoeira" since about 2012. (ECF No. 33-1).

In their reply brief, defendants consent to changing the caption from "Jermaine Capoeira" to "Jermaine Smith-Capoeira." (ECF No. 36 at 2). Therefore, I will grant in part and deny in part defendants' motion to amend the caption. The caption will list plaintiff's name as "Jermaine Smith-Capoeira."

Plaintiff also requests that I recruit counsel to represent him in this action. I have discretion to recruit counsel for litigants unable to afford one in a civil case. *Navejar v.*

*Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, litigants must first show me that they have made reasonable attempts to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff must contact at least three attorneys and provide me with: (1) the attorneys' names, (2) the addresses, (3) the date and way plaintiff attempted to contact them, and (4) the attorney's responses.

After plaintiff makes a reasonable attempt to secure counsel, I must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff contacted three attorneys regarding representation and provided me with their written responses. Therefore, plaintiff satisfied his obligation to make a reasonable attempt to secure counsel.

However, I will not appoint counsel at this time because plaintiff appears to have the capacity to coherently present his case. Plaintiff did a very good job of preparing his complaint by including significant detail on the facts and clearly articulating the legal theories upon which he bases his claims. Further, although plaintiff's allegations are serious, the claims themselves are not complex, and the facts involve information that is already within the plaintiff's personal knowledge. Therefore, I will deny plaintiff's motion to appoint counsel at this time.

Now that defendants have answered the complaint, plaintiff may ask the defendants to answer his interrogatories regarding the alleged events (Fed. R. Civ. P. 33), and he may conduct discovery regarding any reports or records that resulted from the alleged events (Fed. R. Civ. P. 34). He will also be able to present his version of the events by using an affidavit or unsworn declaration under 28 U.S.C. §1746 in response to any motion for summary judgment that defendants might file. Should the case proceed beyond summary judgment or should an evidentiary hearing become necessary, plaintiff may renew his request, and I will consider it at that time.

**IT IS THEREFORE ORDERED** that defendants' motion to amend the caption to reflect plaintiff's legal name (ECF No. 30) is **GRANTED in part** and **DENIED in part**. The Clerk of Court shall amend the caption to list plaintiff's name as "Jermaine Smith-Capoeira."

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 35) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2016.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge